LAW OFFICES OF

## JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: jdratel@joshuadratel.com

JOSHUA L. DRATEL  
—  
LINDSAY A. LEWIS  
WHITNEY G. SCHLIMBACH

STEVEN WRIGHT  
*Office Manager*

May 13, 2019

**BY ECF**

The Honorable Sidney H. Stein  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

           Re:    *United States v. Uzair Paracha*,  
                    03 Cr. 1197 (SHS)

Dear Judge Stein:

      This letter is submitted on behalf of defendant Uzair Paracha, whom the undersigned counsel represent in the above-entitled case, and responds to the government's May 2, 2019, letter (ECF Dkt # 147) requesting an adjournment of the trial date. As stated in the government's letter, Mr. Paracha consents to an adjournment until December 2, 2019. However, to be clear, he objects to an adjournment beyond that date.

      Mr. Paracha's objection to any further adjournment of the trial beyond December 2, 2019, is premised primarily on his continued custody. If he is granted pretrial release pursuant to his November 9, 2018, motion (ECF Dkt # 138), he would be amenable to the full extent of the adjournment the government requests. Otherwise, Mr. Paracha would be compelled to choose between important constitutional rights – on the one hand, his Sixth Amendment right to a speedy trial, and, on the other, his Fifth Amendment right to due process, the foundation of the government's obligation to provide exculpatory materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 450 U.S. 150 (1972), as well as his Sixth Amendment right to confront witnesses, which underlies the government's disclosure obligations set forth in 18 U.S.C. §3500.

      A defendant cannot be forced to forfeit one constitutional right in order to invoke another. *See Simmons v. United States*, 390 U.S. 377, 394 (1968) (defendant's testimony to establish

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | Hon. Sidney H. Stein<br>United States District Court<br>Southern District of New York<br>May 13, 2019<br>Page 2 of 3 |

Fourth Amendment standing at suppression stage is inadmissible at trial because it would be "intolerable that one constitutional right should have to be surrendered in order to assert another").

The conflict between the two sets of rights is certainly not Mr. Paracha's fault.  The Court granted Mr. Paracha's motion for a new trial pursuant to Rule 33, Fed.R.Crim.P. on July 3, 2018.  At least as of that date, the government was on notice that a trial was possible.  It should have undertaken its review of the classified documents referenced in its letter then. Undersigned defense counsel acknowledge that the review process requires resources and time but, respectfully, that is a problem of the government's making.  Mr. Paracha should not be made to bear the resulting cost of delay or forced to choose between his constitutional rights.

Instead, either the government should devote the additional resources necessary to complete its review and fulfill its constitutional and statutory obligations in time for a December 2, 2019 trial, or this Court should grant Mr. Paracha pretrial release if it is inclined to give the government the adjournment it seeks.

At this point, the relief the government seeks could result in Mr. Paracha being deprived of either *Brady* or *Giglio* material (or both) as well as 3500 material because the year-long adjournment requested is untenable while Mr. Paracha remains incarcerated.  Moreover, defense counsel do not know the nature, content, and volume of the classified material at issue, and therefore cannot responsibly advise Mr. Paracha regarding the value of such material to help him weigh the possible advantages of waiting for complete production of the material (and any investigation or litigation it would generate) against his speedy trial rights.  Again, that his constitutional rights are in such tension, and materially so, is surely not Mr. Paracha's fault.  He should not be forced to waive one right in order the enjoy the other.

In that context, in anticipation of further litigation pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, Mr. Paracha also respectfully requests that the Court endeavor to include his undersigned security-cleared counsel in any CIPA §2 or 4 conferences with the government, and, in any event, not rule on any future *ex parte* CIPA-related applications by the government – particularly those made under CIPA §4 – until defense counsel have had an opportunity to provide the Court the defense position (including, when necessary, in an *ex parte* session).[1]

---

[1] Such *ex parte* defense presentations in response to CIPA §4 applications have become routine, and have been granted in a number of cases in both the Southern and Eastern Districts of New York.  *See, e.g.*, *United States v. Mostafa*, 04 Cr. 356 (KBF) (S.D.N.Y. January 17, 2014) (ECF Dkt #233, at 6-7); *United States v. Sulaiman Abu Ghayth,* 98 Cr. 1023 (LAK) (S.D.N.Y.

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | Hon. Sidney H. Stein<br>United States District Court<br>Southern District of New York<br>May 13, 2019<br>Page 3 of 3 |

      Accordingly, Mr. Paracha (1) opposes an adjournment beyond December 2, 2019, including any exclusion of time (beyond that date) from the speedy trial clock pursuant to 18 U.S.C. §3161; and (2) in the alternative, Mr. Paracha renews his motion for pretrial release pursuant to the conditions proposed in his previous application. Should the Court wish to hear the parties on the government's proposed adjournment, Mr. Paracha respectfully requests, for religious reasons, that if at all possible any conference requiring his presence be scheduled after the Islamic holy month of Ramadan concludes on June 5, 2019.

      Respectfully submitted,

      *[signature]*

      JOSHUA L. DRATEL
      **Law Offices of Joshua L. Dratel, P.C.**
      29 Broadway, Suite 1412
      New York, New York 10006

      RAMZI KASSEM
      **CLEAR project**
      Main Street Legal Services, Inc.
      CUNY School of Law
      2 Court Square
      Long Island City, New York 11101
      (t) (718) 340-4558
      (f) (718) 340-4478
      (e) ramzi.kassem@law.cuny.edu

---

August 19, 2013) (ECF Dkt # 1285) (in the context of government's CIPA §4 submission, "to permit the Court to be better informed to make the judgments called for by the government's CIPA motion . . . the Court will meet . . . *ex parte* with the defense to be better informed of the defenses they plan to present"); *United States v. Khaled Al Fawwaz & Adel Abdel Bary*, 98 Cr. 1023 (LAK) (S.D.N.Y. August 19, 2013) (ECF Dkt # 1284) (same); *United States v. Babar Ahmad*, 04 Cr. 301 (JCH) (D. Conn. April 15, 2013) (ECF Dkt # 72) (calendaring *ex parte* hearing regarding government's CIPA §4 filing, at which Court would also "hear an *ex parte* presentation from the defense, as per their request, to assist the court in making its Section 4 determination"); *United States v. Hausa*, 12 Cr. 134 (BMC) (E.D.N.Y.). *See also United States v. Libby*, 429 F. Supp.2d 18, 26 (D.D.C. 2006) (allowing defendant to submit *ex parte* affidavit detailing the defense), *amended by* 429 F. Supp.2d 46 (D.D.C. 2006).