

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<hr>

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 30, 2019

**BY ECF**
The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:    *United States v. Uzair Paracha*, 03 Cr. 1197 (SHS)

Dear Judge Stein:

The Government respectfully writes in advance of tomorrow's conference and pursuant to the Court's August 29, 2019 order requiring the Government to submit ten-day status reports. As set forth below, the Government continues to work diligently to comply with its discovery obligations and prepare for the re-trial in this case. That work has included, during the period since the Government's last update letter: continuing to identify, collect, and review numerous classified documents generated by intelligence community ("IC") and military components that are not part of the prosecution team (the "Classified Documents"); preparing proposed substitutions for Classified Documents that the prosecution team has identified as potentially discoverable, which are subject to review and approval by the owners of the documents before any such summaries can be shared with the Court or counsel; frequent communications and a meeting with various members of the IC and military components to locate, identify, and search for additional potentially discoverable materials; and traveling outside the country to interview a likely Government witness and to identify additional potentially discoverable materials held at that location. In addition, consistent with the Court's urging at the last status conference in this case, the parties have engaged in multiple conversations regarding a possible pre-trial resolution of this case, including between defense counsel and supervisors from this Office.

*First*, during the period since the Government's last update letter, which has comprised seven business days[1], five Government attorneys have participated in approximately six, five, one, one, and one days' worth of review of the Classified Documents. Thus far, the Government has reviewed a total of approximately 5,782 of the Classified Documents in a first-level layer of review. In an effort to proceed along parallel tracks and ultimately expedite the eventual Classified Information Procedures Act ("CIPA") litigation process, in addition to continuing its review of the Classified Documents, the Government is also drafting proposed substitutions for

<hr>

[1] As previously noted, the Government has thus far only been permitted access to the facility where it is reviewing documents on business days, although it has inquired whether it might be permitted entry to the facility on weekends and/or holidays.

the Classified Documents that are potentially discoverable to be shared with and considered by the owners of the information.  On October 22, 2019, members of the prosecution team, along with the Chief of the National Security Division's Counterterrorism Section, met with personnel employed by a member of the IC in order to discuss and coordinate the ongoing review and the use of certain materials and evidence at trial in this matter.  During the meeting, the Government described the schedule in this case and the Court's prior admonitions, and discussed plans for completing the review as soon as possible.  In part as a result of that productive meeting, and because of the unprecedented circumstances of the review required at this phase of the case, that IC member has agreed to continue devoting substantial resources to the identification, review, and ultimate production of the discoverable content contained within the Classified Documents, and has made accommodations that it has rarely, if ever, made in prior cases.  Nevertheless, despite best efforts, the Government does not believe that the review of the materials identified to date by that agency can be completed by the current trial date.

*Second*, the Government has continued its efforts to identify the full universe of documents that it must review in order to comply with its discovery obligations by participating in numerous conversations with representatives from the IC and military components and lodging requests with those entities for additional potentially discoverable materials.  One of the relevant IC members informed the Government this week that it has identified on an expedited basis approximately 50 documents with responsive material, which it will make available for the Government's review next week.

The Government continues to await responses to queries it has made to other members of the IC.  As previously noted, to the extent additional components possess potentially discoverable responsive materials, the Government will need to review those materials and propose substitutions and summaries to those agencies.  The substitutions and summaries will then be reviewed by the agencies and other stakeholders to protect important national security equities—an iterative process that frequently involves continued negotiation between the prosecution team and the IC.  Once the relevant stakeholders have approved the proposed substitutions and summaries, the Government will provide them to the Court in connection with a motion pursuant to CIPA, and then, if the Court approves the proposed substitutions and summaries, to defense counsel.

*Third*, as the Government noted in prior updates to the Court, between October 21, 2019 and October 25, 2019, members of the trial team traveled to a location outside the country to interview one of the witnesses the Government currently intends to call at trial and to determine what, if any, potentially discoverable material might be held at that location.  During the trip, the Government identified certain material that is now being collected, and has made inquiries into the possible existence of other materials that it is seeking to identify.

*Fourth*, and consistent with the Court's guidance at the last conference, the parties have re-engaged in plea negotiations.  Those negotiations have made clear, however, that a plea agreement is unlikely.  Over the last ten days, the parties have participated in three separate discussions regarding a pre-trial resolution of this matter, including with the U.S. Attorney.  Those discussions yielded no progress toward a resolution, although defense counsel indicated that he had not yet conveyed to the defendant any of these recent communications with the

Government.[2]

     *Finally*, there remains, at this point, no subset of the Classified Documents or the content therein that the Government is in a position to produce to the defense.  The production of classified materials—or summaries of such materials—is a multi-step process that requires input and approvals from IC members and military components (which is an ongoing, iterative process) and then, in many cases, the Court.  The Government has been in regular discussions with the relevant stakeholders regarding which of the documents (among those the Government has already reviewed) the Government will ultimately seek to produce in some form pursuant to CIPA.  The Government has not, however, received permission to produce any documents thus far.  For the reasons set forth above, and given the high volume of materials at issue in this case, the Government does not expect to be in a position to make any substantial productions in the coming weeks.

     Respectfully submitted,

     GEOFFREY S. BERMAN
     United States Attorney


By: _____/s/_____
     Andrew Dember
     Elizabeth Hanft
     Kyle Wirshba
     Assistant United States Attorneys
     (212) 637-2563/2493/2334
     Lawrence Schneider
     Trial Attorney, Counterterrorism Section


cc:    Joshua Dratel, Esq. (by ECF)
      Ramzi Kassem, Esq. (by ECF)

---

[2] The Government is mindful, as the Court has noted previously, that the Court is not interested in participating in any plea negotiations.  *See* Fed. R. Crim. P. 11(c)(1).  The Government is providing this limited update regarding the status of the negotiations in an effort to keep the Court apprised of the likelihood that the case will proceed to trial.